IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BITTERROOT HOLDINGS, LLC,** **Plaintiff,** | § | |
| **vs.** | § | **CIVIL ACTION NO. 5:14-cv-00862DAE** |
| **MTGLQ INVESTORS, L.P.** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO ACCEPT LATE FILED AND CORRECTED DECLARATION**

COMES NOW Plaintiff, **Bitterroot Holdings, LLC ("Bitterroot")**, and files its OPPOSED MOTION FOR LEAVE TO ACCEPT LATE FILED AND CORRECTED DECLARATION and in support of this MOTION, Plaintiff states as follows:

**MATERIAL FACTS AND PROCEDURAL POSTURE**

The Parties filed and served Motions for Summary Judgment upon one another as set out by the Court's scheduling order. [Doc. 17, 36-37]. In the Defendant's Response to Plaintiff's Motion for Summary Judgment, Defendant, MTGLQ INVESTORS, L.P. ("MTGLQ") objected to the Declaration of John Harvey as inadmissible and/or procedurally defective. [Doc. 40]. In its opposition, MTGLQ asks the court to strike the Plaintiff's evidence (Harvey Declaration). Although the Plaintiff does not believe the arguments presented by MTGLQ render the

Declaration in question inadmissible or fatally defective, the Plaintiff seeks to late-file a Declaration by John Harvey that is free of the claimed defects and that is also substantially similar to the previously filed Harvey Declaration.

## ARGUMENTS AND AUTHORITIES

The Court's scheduling Order and the attenuated dates are not jurisdictional in nature and the Court retains discretion to consider any and all late filed evidence. The Court can modify the deadlines set out by its own scheduling order upon a showing of good cause; the Court should also consider the moving party's diligence. *Alioto v. Town of Lisbon,* 651 F.3d 715, 720 (7th Cir.2011).

The Court set a deadline for the parties to file their dispositive motions by July 6, 2015. The Plaintiff substantially complied with this deadline and timely filed its Motion for Summary Judgment. Although not directly stated, the deadlines imposed clearly intended that all Summary Judgment evidence be submitted by the same deadline. The Plaintiff believes that good cause exists to accept the late filed evidence because the Declaration of John Harvey—as attached to this Motion—is substantially the same and virtually identical to the previous Harvey Declaration. The Plaintiff believed and still believes that the original Harvey declaration was sufficient pursuant to the FRCP and Federal Law, but if the court does not permit the second Harvey Declaration and sustains the Defendant's Motion to Strike the first Declaration, this case will not be decided by the merits. Good cause exists for the late filing of this evidence because the Plaintiff is simply attempting to correct alleged, minor defects, which are the product of harmless error. John Harvey has always been listed as a potential witness by the Plaintiff and his testimony is vital to the adjudication of the merits of this case.

The Plaintiff has been diligent in its efforts to contact Harvey in order to correct the alleged mistakes in the first Harvey Declaration. Moreover, the Defendant will not be prejudiced in any way by the admission of this evidence. At all times, the Defendant has been made aware that Harvey would be called as a witness in this case, and the Plaintiff's new Declaration is substantially the same as the Declaration timely filed by the Plaintiff. MTGLQ has sufficient time to file a response to this motion and the only effect of denying the relief requested would be to decide the case on procedural grounds as opposed to deciding it on the merits.

**CONSCLUSION AND PRAYER**

Plaintiff prays that this court Grant the Plaintiff's Motion for Leave to Accept and to Order that the Harvey Declaration attached to this Motion be filed and for all other relief permitted as a matter of law.

Respectfully submitted,

Law Offices of David Schafer, PLLC
2139 N.W. Military Hwy, Suite 200
San Antonio, TX 78213
Tel. (210) 348-0500
Fax. (210) 348-0520

By: *__/s/ Brian J. Trenz__*
BRIAN J. TRENZ
Texas Bar No. 24067911
Attorney for Plaintiff,
Bitterroot Holdings LLC

**CERTIFICATE OF SERVICE**

By my signature above, I hereby certify that I have complied with the NEF procedures for service and that opposing counsel is a registered user of the NEF system.

*__/s/ Brian J. Trenz__*
Brian J. Trenz