UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BITTERROOT HOLDINGS, LLC, | § | CV No. 5:14-CV-862-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MTGLQ INVESTORS, L.P. and | § | |
| BARRETT, FRAPPIER, TURNER & | § | |
| ENGEL, L.L.P., | § | |
| | § | |
| Defendants. | § | |

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT

Before the Court is a Motion for Summary Judgment filed by

Defendant MTGLQ Investors, L.P. ("Defendant") (Dkt. # 36).  Also before the

Court is a Motion for Partial Summary Judgment filed by Plaintiff Bitterroot

Holdings, LLC ("Plaintiff") (Dkt. # 37).  The Court finds this matter for

disposition without a hearing pursuant to Local Rule CV-7(h).  After careful

consideration of the motions and the supporting and opposing memoranda, the

Court, for the reasons that follow, **GRANTS** Defendant's Motion for Summary

Judgment and **DENIES** Plaintiff's Motion for Partial Summary Judgment.

1

## BACKGROUND

On November 12, 2005, John Harvey ("Harvey") executed a Texas Home Equity Note ("Note") in the amount of $94,320 payable to American Equity Mortgage, Inc. ("AME").  ("Handville Aff.," Dkt. # 36-2, Ex. A ¶ 6.)  At the same time, Harvey executed a Texas Home Equity Security Instrument ("Deed of Trust") granting a security interest in the property located at 9534 Cliff Creek, San Antonio, Texas 78251 (the "Property") to AME.  (Id. ¶¶ 3, 6.)  Mortgage Electronic Registration Systems, Inc., as Nominee for AME, subsequently assigned the Note and the Deed of Trust to Citimortgage, Inc. ("Citimortgage").  (Id. ¶ 7; Dkt. # 36-5, Ex. A-3.)

On November 3, 2008, Citimortgage sent Harvey a Notice of Default stating that Harvey was in default and that the loan would be accelerated if he did not pay the past due amount.  (Dkt. # 36-8, Ex. A-6.)  On February 20, 2009, Citimortgage sent Harvey a Notice of Acceleration stating that Citimortgage had elected to accelerate the maturity of the debt.  (Dkt. # 36-9, Ex. A-7.)  After Harvey failed to cure, Citimortgage filed an Application for Home Equity Foreclosure Order in the 131st Judicial District Court of Bexar County, Texas on April 22, 2009.  (Dkt. # 36-10, Ex. A-8.)  On November 3, 2009, Citimortgage filed a motion to dismiss the application without prejudice, and the application was subsequently dismissed.  (Dkt. # 36-11, Ex. A-9; Handville Aff. ¶ 10.)  On August

11, 2010, Citimortgage sent Harvey a second Notice of Acceleration stating that Citimortgage had elected to accelerate the maturity of the debt.  (Dkt. # 36-12, Ex. A-10 at 49.)  Citimortgage filed a second Application for Home Equity Foreclosure Order in the 150th Judicial District Court of Bexar County, Texas on August 26, 2010.  (Id. at 1.)  On November 4, 2010, Citimortgage assigned the note and security interest to Defendant MTGLQ.  (Dkt. # 36-6, Ex. A-4; Handville Aff. ¶ 8.)  Citimortgage moved to voluntarily dismiss its second application on March 31, 2011, and the application was dismissed without prejudice on the same date.  (Dkt. # 36-21, Ex. E; Dkt. # 36-13, Ex. A-11.)

In 2011, in a proceeding unrelated to the outstanding loan held by MTGLQ, the property was sold at auction to DTND Sierra Investments, LLC ("DTND") at a Homeowner's Association foreclosure sale due to Harvey's failure to pay the homeowner's association assessments and dues.  ("Am. Compl.," Dkt. # 32 ¶ 11.)  Plaintiff was ultimately assigned the interest purchased by DTND. (Id.)

On June 28, 2012, Defendant Barrett, Frappier, Turner, & Engel, L.L.P. ("Barrett"), acting as counsel for Defendant, sent Harvey a new Notice of Default and opportunity to cure by paying the past due balance.  (Dkt. # 36-14, Ex. A-12.)  On August 1, 2012, Barrett, on behalf of Defendant, sent a Notice of Acceleration stating that Defendant had elected to accelerate the maturity of the

debt.  (Dkt. # 36-15, Ex. A-13.)  Defendant filed an Application for Home Equity Foreclosure in the 166th Judicial District Court of Bexar County, Texas on June 24, 2013.  (Dkt. # 36-16, Ex. A-14.)  That court issued an order on November 8, 2013, allowing Defendant to proceed with a foreclosure sale under the terms of the Deed of Trust.  (Dkt. # 36-17, Ex. A-15.)

Plaintiff filed an Original Petition in the 73rd Judicial District Court of Bexar County, Texas on August 1, 2014.  (Dkt. # 1–3.)  Defendant filed a Notice of Removal on October 2, 2014, invoking this Court's diversity jurisdiction.  (Dkt. # 1.)  On November 3, 2014, Plaintiff filed a Motion to Remand (Dkt. # 4) and a Motion for Leave to File Amended Complaint (Dkt. # 3), which this Court denied in an Order issued on January 27, 2015 (Dkt. # 21).  Defendant Barrett was dismissed pursuant to Plaintiff's voluntary motion on March 19, 2015.  (Dkt. # 28.)

Plaintiff filed a First Amended Complaint on April 3, 2015.  (Dkt. # 32.)  Plaintiff alleges that the foreclosure proceedings initiated by Defendant are barred by the statute of limitations and that Defendant's interest in the Property is thus no longer enforceable.  (Id. ¶ 17–19.)  Plaintiff asserts claims for trespass to try title and violations of the Texas Debt Collection Practices Act ("TDCPA"), and seeks a declaration that Plaintiff is the owner of the property, a declaration that Defendant is barred from foreclosing on the property by the statute of limitations, damages, and attorney's fees.  (Id. ¶¶ 21–22, 27–28.)

4

On July 6, 2016, Plaintiff filed its Motion for Partial Summary

Judgment.  (Dkt. # 37.)  Defendant filed its Motion for Summary Judgment on the

same date.  (Dkt. # 36.)  Both parties have filed Responses (Dkt. ## 40, 42) and

Replies (Dkt. ## 43, 44) to the respective Motions, which are ripe for review.

## LEGAL STANDARD

A court must grant summary judgment when "the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P.

Enterprises, L.L.C., 756 F.3d 875, 880 (5th Cir. 2014).  "Substantive law will

identify which facts are material."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986).  A dispute is only genuine "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party."  Id.

In seeking summary judgment, the moving party bears the initial

burden of demonstrating the absence of a genuine issue of material fact.  Celotex

Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets this burden,

the nonmoving party must come forward with specific facts that establish the

existence of a genuine issue for trial.  Distribuidora Mari Jose, S.A. de C.V. v.

Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides

Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)).  "Where the record taken as a

whole could not lead a rational trier of fact to find for the non-moving party, there

5

is no genuine issue for trial." Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012)

(internal quotation marks omitted).

In deciding whether a fact issue has been created, "the court must

draw all reasonable inferences in favor of the nonmoving party, and it may not

make credibility determinations or weigh the evidence." Kevin M. Ehringer

Enters. v. McData Servs. Corp., 646 F.3d 321, 326 (5th Cir. 2011) (quoting Reeves

v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  However,

"[u]nsubstantiated assertions, improbable inferences, and unsupported speculation

are not sufficient to defeat a motion for summary judgment." United States v.

Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of

Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

## DISCUSSION

Defendant has moved for summary judgment on each of Plaintiff's

claims for relief.  Plaintiff's Motion for Partial Summary Judgment seeks judgment

only on its claim that Defendant should be enjoined from foreclosing on the

property because Defendant's foreclosure action is barred by the statute of

limitations.  The Court will first consider the evidentiary objections raised by the

parties, and will then consider the Motions in turn.

I.      <u>Evidentiary Objections</u>

      A.      <u>Harvey Declaration</u>

      Defendant first objects to the Harvey declaration submitted by Plaintiff in support of its Motion for Partial Summary Judgment on the basis that the declaration is not subscribed as "true and correct."  An unsworn written declaration may be subscribed by the declarant "as true under penalty of perjury, and dated, in substantially the following form . . . 'I declare . . . under penalty of perjury that the foregoing is true and correct.'"  28 U.S.C. § 1746(2).  A declaration lacking a statement that its contents are true and correct is not in substantial conformity with the statute and may not be considered as competent evidence on summary judgment.  <u>Nissho-Iwai Am. Corp. v. Kline</u>, 845 F.2d 1300, 1306 (5th Cir. 1988).  Defendant also objects to the fact that the declaration was signed electronically.

      Plaintiff has filed a Motion for Leave to File Corrected Declaration (Dkt. # 46) in order to correct the technical error in Harvey's declaration, and the corrected version includes the required statutory language and a written signature. The declaration is otherwise substantially identical.  In the interest of giving full consideration to the merits of Plaintiff's claim, the Court **GRANTS** Plaintiff's Motion for Leave to File and will consider the corrected declaration on summary judgment.

Defendant also objects to the statement in Harvey's declaration that "[i]n late 2008, I received a letter from Citimortgage indicating that they were accelerating my loan and were going to foreclose on my home." ("Harvey Decl.," Dkt. # 46-2 at 1.)  Defendant argues that the statement is barred by Federal Rule of Evidence 1002, which requires that the contents of a writing be proved by the original writing.  To the extent that Plaintiff seeks to use this statement as evidence of the contents of the Notice of Acceleration, Defendant is correct.  The statement is admissible, however, to show that Harvey received a Notice of Acceleration from Citimortgage in late 2008.  Because the Notice referred to has been properly submitted as evidence by both Plaintiff and Defendant, the question is largely moot, and the Court will consider the document itself for proof of its contents. (See Dkt. # 36-8, Ex. A-6; Dkt. # 37-5 at 1.)

B.    Schafer Declaration

Defendant also objects to the declaration of David P. Schafer ("Schafer"), Plaintiff's Company Representative.  The Schafer declaration states that "I have reviewed the Plaintiff's Motion for Summary Judgment and the statements contained in said Motion are true and correct."  ("Schafer Decl.," Dkt. # 37-3 at 1.)  Defendant objects to this blanket verification of the contents of Plaintiff's Motion for Partial Summary Judgment on the basis that it fails to specify

which statements it seeks to verify and that it contains no indication of how or whether Schafer has personal knowledge of the statements in question.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).  While a declaration need not expressly state that its statements are based on the declarant's personal knowledge, such personal knowledge must able to be reasonably inferred from the declarant's position and the nature of his participation in the sworn matters.  DIRECTV, Inc. v. Budden, 420 F.3d 521, 530 (5th Cir. 2005).

The Schafer declaration contains no indication, beyond the conclusory assertion that its statements are based upon Schafer's personal knowledge, that Schafer has personal knowledge of all of the statements contained in Plaintiff's Motion.  The declaration includes no description of Schafer's role or responsibilities as Plaintiff's Company Representative or the basis for his knowledge of the factual circumstances at issue in this case.  Even if his assertion of the truth of the unspecified statements contained in the Motion were limited to the Motion's assertions of fact, as opposed to its legal arguments, there is no basis from which to infer that he has personal knowledge of any or all such facts.  While

9

Schafer's declaration adequately authenticates the documents attached to the declaration, it cannot transform Plaintiff's Motion brief into evidence.[1]

C.    Handville Affidavit

Plaintiff objects to the affidavit of Howard R. Handville ("Handville") submitted by Defendant on the basis that Defendant failed to include Handville as a witness in its Rule 26 initial disclosures.  Plaintiff argues that Defendant's failure to include Handville in its initial disclosures requires the exclusion of his affidavit, and the documents authenticated by his affidavit, under Federal Rule of Civil Procedure 37(c).  Defendant argues that its failure to disclose was harmless and that exclusion of Handville's affidavit would be an overly harsh sanction.

Under Rule 37, if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party may not use that information or witness to supply evidence unless the failure was substantially justified or is harmless.  Fed. R. Civ. P. 37(c)(1).  In evaluating whether a violation of Rule 26 is harmless, courts consider "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."  Tex. A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003).

---

[1] Because the Motion's statements are not evidence, the Court overrules Defendant's various objections to assertions made in Plaintiff's Motion as moot.

Here, there is no indication, and Plaintiff does not argue, that Defendant's failure to include Handville as a witness in its initial disclosures prejudiced Plaintiff.  The Handville affidavit was executed on November 10, 2014, and was previously used without objection in Defendant's opposition to Plaintiff's Motion to Remand, which was filed on November 11, 2014.  (See Dkt. # 4.)  There is thus no danger of surprise or prejudice from previously undisclosed evidence. Additionally, the failure to submit initial disclosures appears to have been in part due to the fact that the Court's Scheduling Order, issued on November 25, 2014, did not include a deadline for such disclosures.  (Dkt. # 17.)  Finally, the affidavit authenticates many of the documents and records directly relevant to the claims at issue in this action, and is thus highly important as the means of admitting this documentary evidence.  The Court therefore finds that Defendant's failure to include Handville in its initial disclosures was harmless, and overrules Plaintiff's objection to the Handville affidavit.

## II.   Defendant's Motion for Summary Judgment

Defendant argues that it is entitled to summary judgment on all of Plaintiff's claims for relief because there is no dispute of material fact as to whether Defendant is entitled to foreclose on the Property in which Plaintiff claims an interest.  Defendant further argues that Plaintiff has failed to submit sufficient evidence to create a genuine dispute of material fact as to its claims for trespass to

try title, and that Plaintiff lacks standing to bring a claim for violations of the

TDCPA.  Because Plaintiff's claims for declaratory and injunctive relief depend on

the viability of its substantive claims, see Harris Cnty., Tex. v. CarMax Auto

Superstores Inc., 177 F.3d 306, 312 (5th Cir. 1999); Sid Richardson Carbon &

Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 752 n.3 (5th Cir. 1996), the

Court will address Plaintiff's substantive claims first.

     A.    Trespass to Try Title

       "A trespass to try title action is the method of determining title to

lands, tenements, or other real property."  Tex. Prop. Code § 22.001.  To prevail in

a trespass-to-try-title action, a plaintiff must prove (1) a regular chain of

conveyances from the sovereign, (2) superior title out of a common source, (3) title

by limitations, or (4) title by prior possession coupled with proof that possession

was not abandoned.  Martin v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004).  The

cause of action "require[s] a plaintiff to prevail on the superiority of his title, not

on the weakness of a defendant's title."  Id.  Where, as here, the second means of

establishing title is at issue, a plaintiff must connect its title and the defendant's

title through complete chains of title to the common source and then show that his

title is superior to the one derived from the common source by the defendant.

Wolfe v. Devon Energy Prod. Co., LP, 382 S.W.3d 434, 459 (Tex. App. 2012).

Plaintiff argues that its title to the Property, derived from a homeowner's association foreclosure sale, is superior to Defendant's because the statute of limitations has run on Defendant's right to foreclose under the Note and Deed of Trust.  The only evidence of Plaintiff's interest in the Property, however, is the statement in Schafer's declaration that "Bitterroot Holdings, LLC acquired its interest in the property at 9534 Cliff Creek in San Antonio, Texas from DTND Sierra Investments, LLC by way of an assignment."  (Schafer Decl. at 1.)  Plaintiff has submitted no evidence concerning the nature of its assigned interest in the Property or when such interest was acquired.  Plaintiff has also produced no evidence that its chain of title is derived from the same source as Defendant's interest—Harvey's original ownership interest in the Property.  Lacking any evidence in the record regarding the nature of its interest in the Property, the time such interest was acquired, or the chain of title to such interest, Plaintiff has failed to establish a genuine dispute of material fact as to whether its title is superior to Defendant's, and Defendant is entitled to judgment as a matter of law on this basis alone.

Additionally, even if Plaintiff had submitted evidence establishing its interest in the Property, the basis for its claim to superior title—that Defendant's right to foreclose is barred by the statute of limitations—is without merit.  Under Texas law, a sale of real property under a power of sale in a mortgage or deed of

trust that creates a real-property lien must be made not later than four years after the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.035(b). When the four-year period expires, the lien and the power of sale become void. Tex. Civ. Prac. & Rem. Code § 16.035(d); Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 567 (Tex. 2001). If a note or deed of trust secured by real property contains an optional acceleration clause, the action accrues only when the holder actually exercises its option to accelerate. Wolf, 44 S.W.3d at 566. Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration. See Shumway v. Horizon Credit Corp., 801 S.W.2d 890, 892 (Tex. 1991). Both notices must be "clear and unequivocal." Id. at 893.

Even when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity. Id. at 566–67. Acceleration can also be abandoned by agreement of the parties. Khan v. GBAK Props., Inc., 371 S.W.3d 347, 356 (Tex. App. 2012) (citing San Antonio Real Estate, Bldg. & Loan Ass'n v. Stewart, 61 S.W. 386, 388 (Tex. 1901)). Additionally, where a debtor makes no objection, a creditor can abandon or rescind its acceleration by voluntarily dismissing its claims against the debtor. Denbina v. City of Hurst, 516 S.W.2d 460, 463 (Tex. Civ. App. 1974) (holding that "where the payor makes no objection to the recall of the option, we see no reason why the

14

[payee] could not revoke the same as well as not to have exercised it in the beginning"); DTND Sierra Invs. LLC v. Bank of N.Y. Mellon Trust Co., N.A., 958 F. Supp. 2d 738, 749–750 (W.D. Tex. 2013) (holding that unilateral notices of rescission were sufficient to abandon acceleration); In re Rosas, 520 B.R. 534, 540 (W.D. Tex. 2014) ("The parties can establish abandonment through an agreement or their actions alone, including unilateral actions in certain circumstances." (citing Khan, 371 S.W.3d at 353)).

   In its Order denying Plaintiff's Motion to Remand, this Court found that the Notices of Acceleration issued by Citimortgage, Defendant's predecessor in interest, were abandoned when Citimortgage dismissed its respective claims without prejudice in state court. (Dkt. # 21 at 14.) Additionally, the Notice of Default sent on behalf of Defendant on June 28, 2012, which did not demand payment of the full amount of the debt and only requested payment of the past due amount, also would have operated to abandon the previous accelerations (had they not already been abandoned). See Murphy v. HSBC Bank USA, — F. Supp. 3d — , 2015 WL 1392789, at *11–12 (S.D. Tex. March 25, 2015); Leonard v. Ocwen Loan Servicing, LLC, No. H-13-3019, 2014 WL 4161769, at *5 (S.D. Tex. Aug. 19, 2014), aff'd, 2015 WL 3561333 (5th Cir. June 9, 2015). Plaintiff now argues for the first time that Citimortgage did not effectively abandon its Notices of Acceleration because Harvey relied on one or both of the Notices of Acceleration

to his detriment.  To support this argument, Plaintiff has submitted Harvey's declaration, in which Harvey states that he did not pay his debt to the homeowner's association because Citimortgage had accelerated his mortgage debt and initiated foreclosure proceedings.  (Harvey Decl. at 2.)  Harvey further states that he would have tried to obtain loan modification assistance if Citimortgage had not accelerated his mortgage debt, and that he relied on Citimortgage's acceleration of the debt in deciding to move out of his home.  (Id.)

Plaintiff relies on two cases for the proposition that a lender may not abandon acceleration of a debt where the debtor has acted in reliance on the acceleration: Callan v. Deutsche Bank Trust Co. Ams., 11 F. Supp. 3d 761, 769 (S.D. Tex. 2014), and Swoboda v. Wilshire Credit Corp., 975 S.W.2d 770, 776–77 (Tex. App. 1998).  With regard to the former, the district court subsequently amended its judgment, and reliance on the court's original ruling is therefore improper.  See Callan v. Deutsche Bank Trust Co. Ams., 93 F. Supp. 3d 725, 2015 U.S. Dist. LEXIS 35626 (S.D. Tex. Mar. 21, 2015).  The amended judgment, however, does provide support for Plaintiff's position.  In a thorough review of Texas case law, the district court found that Texas precedent suggested that unilateral abandonment is not permitted where the debtor objects or detrimentally relies on the notice of acceleration.  Id. at *14.  The court found that the debtor had neither objected to nor detrimentally relied on the notice of acceleration issued by

16

the lender, and that the lender was therefore entitled to rescind its acceleration of the debt.  Id. at *31–33.

In Swoboda, which was reviewed by the Callan court, the Texas appellate court held that "the election to accelerate can be revoked or withdrawn at any time, so long as the debtor has not detrimentally relied on the acceleration." 975 S.W.2d at 777.  While Defendant argues that this statement "is nothing more than dicta," the court's holding that the lender had abandoned its acceleration was premised in part on its finding that the borrowers "neither asserted nor presented any evidence that they relied on the acceleration," and the court's statement of the rule was thus integral to its holding.  See id. at 778.  Defendant also attacks the court's statement of the rule on the basis that the supporting authority cited by the court includes non-Texas case law.  Where a state's highest court has not ruled on a particular legal issue, a federal court sitting in diversity must attempt to determine how that court would rule.  Rogers v. Corrosion Prods., Inc., 42 F.3d 292, 295 (5th Cir. 1995).  "An intermediate appellate state court is datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."  Id. (editorial marks omitted) (quoting Comm'r v. Estate of Borsch, 387 U.S. 456, 465 (1967)).  Swoboda is itself a Texas appellate court case, and is not inconsistent with other Texas authority suggesting that an acceleration may not

be rescinded where the debtor objects to the rescission.  See Denbina, 516 S.W.2d at 463; Manes v. Bletsch, 239 S.W. 307, 308 (Tex. Civ. App. 1922).  Given that Swoboda's detrimental reliance rule was derived from authority outside of Texas, however, the Court agrees that it is less than clear that the Texas Supreme Court would adopt the same rule.

Even if a lender's objection to or reliance on an acceleration prevents abandonment of the acceleration by the debtor under Texas law, the record evidence does not create a dispute of material fact as to whether Harvey either objected to or relied on Citimortgage's Notices of Acceleration.  There is no evidence that Harvey objected to either of Citimortgage's motions to dismiss its state court foreclosure applications.  Additionally, Harvey's declaration does not establish that he detrimentally relied on either of Citimortgage's Notices of Acceleration.  To show detrimental reliance, a party must show that he materially changed his position in reliance on another party's promise or representation. Sandel v. ATP Oil & Gas Corp., 243 S.W.3d 749, 753 (Tex. App. 2007) (discussing reliance in the context of promissory estoppel); Harris Cnty., Tex. v. MERSCORP Inc., 791 F.3d 545, 559 (5th Cir. 2015) (discussing reliance in the context of fraudulent misrepresentation).  Harvey's decision not to pay off his debt to the homeowner's association, which he made because "[i]t did not make sense for me to pay off the HOA amount if I couldn't bring my home loan current," does

18

not represent a change in Harvey's position—he was in debt to his homeowner's association prior to Citimortgage's acceleration of his mortgage debt, and he remained in debt to his homeowner's association after the acceleration.[2]  His statement that "I didn't know about home loan modifications [sic] programs at the time, but I would have tried to get some assistance when I did learn about them" similarly does not qualify as a material change in his position.

Harvey also states that "as a result of the acceleration letter and the lawsuit, I moved out of the home I lived at for many years."  (Harvey Decl. at 2.)  This statement is also insufficient to show detrimental reliance.  First, the declaration does not state when Harvey moved out of the home, and thus cannot establish that he moved out prior to Citimortgage's abandonment of its respective Notices of Acceleration through its voluntary dismissals of its state court foreclosure applications.  Second, regardless of the timing, the declaration does not establish that moving out of his home was a material change in Harvey's position.  Absent any information regarding his living arrangements following his move—in particular, whether he incurred any legal or financial obligations in acquiring a new residence—Harvey's declaration is insufficient to establish that moving out of the

---

[2] Harvey does not state that he had been paying his homeowner's association bills or servicing his debt and subsequently stopped after Citimortgage accelerated his mortgage debt.  He states only that "I did not pay my debt because Citimortgage sent me an acceleration letter telling me to pay the whole amount owed."  (Harvey Decl. at 1.)

Property represented a material change in his position taken in detrimental reliance on either of Citimortgage's Notices of Acceleration.

Plaintiff has thus failed to establish a genuine dispute of material fact as to whether its title to the property is superior to Defendant's, and Defendant is entitled to judgment as a matter of law on Plaintiff's claim for trespass to try title.

B.    <u>Texas Debt Collection Practices Act</u>

Defendant argues that it is entitled to summary judgment on Plaintiff's claims that Defendant violated the TDCPA because Plaintiff was not a party to the acts complained of and thus lacks standing to bring such claims.  Defendant further argues that Plaintiff has failed submit sufficient evidence to establish a dispute of material fact as to whether Defendant violated the TDCPA.

Under the TDCPA, "a debt collector may not use a fraudulent, deceptive, or misleading representation" by "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding" or "using any other false representation or deceptive means to collect a debt."  Tex. Fin. Code § 392.304(a)(8), (19).  "Debt collector" is defined to mean "a person who directly or indirectly engages in debt collection," <u>id.</u> § 392.001(6), and includes third-party debt collectors as well as mortgage servicers and assignees, <u>Davis v. Wells Fargo Bank, N.A.</u>, 976 F. Supp.

870, 885 (S.D. Tex. 2013) (citing <u>Miller v. BAC Home Loans Servicing, L.P.</u>, 726 F.3d 717, 722 (5th Cir. 2013)).

The remedies afforded by the TDCPA are not limited to the actual parties to a consumer transaction, and "[a]ny person against whom the prohibited acts are committed may maintain an action for actual damages sustained as a result of those violations." <u>Cushman v. GC Servs., LP</u>, 657 F. Supp. 2d 834, 841 (S.D. Tex. 2009) (citing <u>Campbell v. Beneficial Fin. Co. of Dall.</u>, 616 S.W.3d 373, 375 (Tex. App. 1981) (allowing a nondebtor plaintiff to bring suit for harassing phone calls because the alleged abuses were committed directly against her)); <u>see also</u> <u>Brush v. Wells Fargo Bank, N.A.</u>, 911 F. Supp. 2d 445, 472 (S.D. Tex. 2012); <u>Porterfield v. JP Morgan Chase, N.A.</u>, No. SA-12-CV-815-DAE, 2014 WL 3581183, at *21–22 (W.D. Tex. 2014).

This Court previously found that Plaintiff did not have standing to bring a claim against Defendant Barrett because the allegedly fraudulent conduct—sending the 2012 Notice of Acceleration and representing the acceleration date in its 2013 state court foreclosure application—was directed to Harvey and the state court, not against Plaintiff.  (Dkt. # 21 at 16.)  Because Plaintiff's Amended Complaint alleges the same conduct against Defendant, the Court's analysis is identical.  While Plaintiff argues that Defendant's efforts to foreclose on the Property were directed at Plaintiff because the Property was "owned by Plaintiff,"

21

there is no evidence in the record that Plaintiff in fact "owned" the Property.  As

noted above, the only evidence of Plaintiff's interest in the Property is Scharber's

statement that Plaintiff, at an unspecified date, "acquired its interest in the

property . . . by way of an assignment."  (Scharber Decl. at 1.)

 Additionally, even if Plaintiff had standing to bring its TDCPA

claims, there is no evidence that the complained-of conduct was fraudulent or

misleading.  As discussed above, while Citimortgage accelerated Harvey's debt in

2009 and 2010, each of these accelerations was abandoned when Citimortgage

voluntarily dismissed its foreclosure applications in state court.  Defendant's 2012

Notice of Acceleration was a lawful act to pursue foreclosure proceedings

following the abandonment of prior accelerations by Defendant's predecessor in

interest, and there is no evidence that any of the statements made in Defendant's

2013 foreclosure application were false.  There is thus no dispute of material fact

as to whether Defendant violated the TDCPA, and Defendant is entitled to

judgment as a matter of law on Plaintiff's TDCPA claims.

 C. <u>Declaratory and Injunctive Relief</u>

 Plaintiff's Amended Complaint includes "Petition for Declaratory

Relief" among its causes of action.  (Dkt. #32 ¶ 22.)  Plaintiff also requests that

Defendant be permanently enjoined from foreclosing on the Property.  (<u>Id.</u> ¶ 20)

To be entitled to declaratory relief under the Federal Declaratory Judgment Act, 28

U.S.C. §§ 2201–2202, a plaintiff must allege facts demonstrating that there exists

"a substantial and continuing controversy between the two adverse parties."  Bauer

v. Texas, 341 F.3d 352, 358 (5th Cir. 2003).  The Act does not create substantive

rights; it is merely a procedural device that enhances the remedies available to

plaintiffs in federal court.  Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667,

671–72 (1950); Appling Cnty. v. Mun. Elec. Auth. of Ga., 621 F.2d 1301, 1303

(5th Cir. 1980).  Injunctive relief, like declaratory relief, is a remedy, and must be

based on a viable underlying legal claim.  Yalamanchili v. Mousa, 316 S.W.3d 33,

39 (Tex. App. 2010).

   Plaintiff has failed to present evidence establishing a genuine dispute

of material fact regarding the superiority of its title to the Property or Defendant's

compliance with the TDCPA.  In the absence of a viable substantive claim,

Plaintiff's requests for declaratory and injunctive relief are without merit.  See,

e.g., Marsh v. JPMorgan Chase Bank, N.A., 888 F. Supp. 2d 805, 815 (W.D. Tex.

2012).

   The Court therefore finds that there is no genuine dispute of material

fact as to any of Plaintiff's claims for relief, and that Defendant is entitled to

judgment as a matter of law.  Accordingly, the Court **GRANTS** Defendant's

Motion for Summary Judgment (Dkt. # 36).

III.     Plaintiff's Motion for Partial Summary Judgment

        Plaintiff's Motion "seeks Summary Judgment only as to its Claims for Declaratory and Injunctive Relief."  (Dkt. # 37 at 8.)  As discussed above, declaratory and injunctive relief are remedies that must be based on viable substantive legal claims. Because Plaintiff has failed to establish a dispute of material fact sufficient to sustain its substantive claims for trespass to try title and violations of the TDCPA, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment (Dkt. # 37.)

CONCLUSION

        For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (Dkt. # 36) and **DENIES** Plaintiff's Motion for Partial Summary Judgment (Dkt. # 37).

        **IT IS SO ORDERED.**

        **DATED:** San Antonio, Texas, October 23, 2015.

_____

David Alan Ezra
Senior United States Distict Judge